### M. C. Redmond vs. Dr. John Haynes.

Mayo, J. An affidavit simply stating that plaintiff has a vendor's lien on the property and that he fears defendant may

dispose of it during the pendency of the suit, is insufficient to justify a sequestration.   4 An. 452.

2.   For the purpose of deciding the exception of no cause of action, all the allegations of the petition must be taken as if proved by legal and sufficient testimony.   Where defendant, who is old, feeble and nearly blind, owned a home and plantation whereon he lived with his daughter and son-in-law, who owned nothing, and the son-in-law worked and managed the farm while his wife attended to the household affairs of defendant, the farm being worked and the crop produced, gathered and marketed in defendant's name, the defendant will be held liable for provisions and supplies furnished and used in his household and on his farm, though these supplies, etc., were bought by his son-in-law and charged to him by the merchant.   The beneficiary of such supplies is bound for the price of such supplies by a quasi-contract under the equitable principles announced in C. C. 2293, 2299, 1965.

3.   If the son-in-law was not the *negotiorum gestor* of defendant, then the receipt by defendant of the provisions and other articles sold to the son-in-law, including a cooking-stove and other necessary and useful utensils, as well as food, plows, etc., was a ratification of the acts of his son-in-law, which constituted him his agent, and he cannot be allowed to reap the fruits of said agent's acts and yet deny his agency.   22 An. 496; 24 An. 342, 462;  C. C. 3013.

4.   The fact that defendant gave his son-in-law money, with which to pay for goods ordered by defendant, and that the son-in-law did not use the money for that purpose, will not relieve defendant from paying for what he received and ordered bought. He alone must suffer for the unfaithfulness of his agent.